

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00106-CR
_____

ROBERT GREENLEE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st Judicial District Court
Smith County, Texas
Trial Court No. 241-1038-05

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

There are many perils and pitfalls of self-representation in criminal trials. Often, those who are untrained and unlearned in the law lack sufficient procedural skills to preserve their trial objections for appellate review. Such is the case here. For the reasons stated below, we conclude Robert Greenlee failed to preserve the two issues now presented to us for appellate review. We, therefore, overrule his points of error and affirm the trial court's judgment.

Greenlee stood charged by indictment in Smith County[1] with burglary of a building. *See* TEX. PENAL CODE ANN. § 30.02(c)(1) (Vernon 2003). He demanded to be tried before a jury of his peers and, dissatisfied with his appointed counsel, elected to represent himself at trial.[2] The jury found Greenlee guilty as charged in the indictment and assessed his punishment at twenty years'

---

[1]This case was transferred to this Court from the Twelfth District Court of Appeals in Tyler as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]This was actually Greenlee's second jury trial in this case. The trial court declared a mistrial in November 2005 when the first jury could not arrive at a unanimous verdict.

2

imprisonment and a fine of $5,000.00.[3]  Greenlee appealed[4] and now raises two distinct—yet ultimately related—points of error, both asserting the improper admission of evidence.

To preserve a claim of error for appellate review regarding the improper admission of evidence, our law requires a party to object *each time* the allegedly inadmissible evidence is offered into evidence.  *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Long v. State*, 10 S.W.3d 389, 399 (Tex. App.—Texarkana 2000, pet. ref'd).

*(1)* *Greenlee Did Not Preserve His Issue Concerning Impeachment Using His Criminal History of Twenty Prior Convictions*

Greenlee first contends the trial court erred during the guilt/innocence phase of trial by permitting the State to impeach him with evidence of twenty prior convictions.  The record shows the trial court had—at Greenlee's request and without objection from the State—admitted a witness' written statement that contained hearsay statements from Greenlee himself.  That written statement was "admitted for all purposes."  Greenlee then asked the witness several questions about this written statement.  The dialogue between Greenlee and the witness makes clear that Greenlee's questions

---

[3]The applicable punishment range in this case was raised to that of a second-degree felony due to Greenlee's previous felony convictions.  *See* TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2008).

[4]Greenlee's original appeal was dismissed by the Twelfth Court of Appeals for want of prosecution.  *See Greenlee v. State*, No. 12-06-00026-CR, 2006 Tex. App. LEXIS 3544 (Tex. App.—Tyler Apr. 28, 2006, no pet.) (mem. op., not designated for publication).  The Texas Court of Criminal Appeals subsequently granted Greenlee a new, out-of-time appeal.  *See Ex parte Greenlee*, AP-75,876, 2008 Tex. Crim. App. Unpub. LEXIS 218 (Tex. Crim. App. Mar. 19, 2008) (not designated for publication).

3

were asked with the idea of getting the witness to repeat the substance of the hearsay contained in defense exhibit 3.

The State subsequently sought to cross-examine the same witness about Greenlee's prior convictions on the basis that Greenlee had interjected his credibility into trial via admission of the witness' statement that contained those hearsay statements by Greenlee. Greenlee objected, stating,

> Your Honor, I just want to state for the record that this is a very clear cause of harm and surprise. I do not believe that my criminal record would be -- I do not believe that my criminal record would be what means the outline in there as my credibility as any evidence offered in -- how it's written.

Greenlee later summarized his objection and dialogued with the trial court:

> THE DEFENDANT: I'm going to put on the record that it calls for harm or surprise. It creates where I need -- I have the necessity to create a whole new defense.
>
> So as we proceed with this trial, I'm going to ask now for a mistrial on the grounds that now I'm going to have to prepare for a whole 'nother defense, (sic) which I did not prepare for in the light of the State bringing in my criminal record.
>
> Had I done that, then I would have been prepared to testify. I would have prepared my defense in a different manner.
>
> THE COURT: The only --
>
> THE DEFENDANT: Knowing that that is now, I am unprepared to proceed at this time.
>
> . . . .
>
> THE DEFENDANT: Prejudism (sic) outweighs the credibility. The reasoning for checking my credibility with my criminal record, the prejudism (sic) of entering my criminal record is -- outweighs -- the harm of that outweighs the motions that I have either alluded to or are alleging or all of that in there, and we're having a hearing.

The trial court overruled Greenlee's objections, noting that Rule 806 of the Texas Rules of Evidence permits admission of evidence to impeach the testimony of a hearsay declarant.

Greenlee did not seek, nor did he obtain, a running objection to the admission of any evidence regarding his criminal record. Later, when the testimony concerning his various criminal convictions was admitted through Officer Donald Malmstrom of the Tyler Police Department, Greenlee raised no objection. Instead, Greenlee waited until the State had, several pages later, offered the written judgments of conviction into evidence for record purposes. Greenlee gave the trial court no legal basis for this objection—he stated only, "At this time, I object, Your Honor." Greenlee's failure to object to this testimony waives his first claim of error concerning the admission of evidence about his criminal history. *See* TEX. R. APP. P. 33.1(a).

*(2)*     *Greenlee Did Not Preserve His Issue Concerning Evidence of His Use of Methamphetamine*

Greenlee also argues the trial court erred by admitting evidence of his methamphetamine use because such evidence was irrelevant, prejudicial, and harmful. The record shows that the State sponsored rebuttal testimony from Dr. Teresa Vail to show that Greenlee used methamphetamine. Ostensibly, the State offered this testimony to suggest a financial motive for Greenlee to commit the alleged crime. The record shows that Greenlee raised an objection to Vail's testimony before she took the witness stand:

> [GREENLEE]:     . . . I would like to make an objection, if I could at this time --
>
> . . . .

5

to that rebuttal witness [Vail] and to the relevancy of that -- over the weight of the prejudice. It has no relevancy in this burglary case at all, other than to prejudice the jury.

.  .  .  .

It's highly prejudicial, and I just want to put on the record that it's brought me harm and surprise. I just want to put that on the record. I'm claiming that, because it has no relevancy at all to this charge.

THE COURT: You've heard Dr. Vail testify before.

[GREENLEE]: Yes, sir, I have in a prior case where her testimony would have been -- it would have been relevant in the other case.

THE COURT: I guess what I mean is you're not surprised by what you know she's going to say. Your position is you just don't believe that her testimony -- you believe the prejudicial effect outweighs the probative value of that case?

[GREENLEE]: Yes, sir, due to the fact -- due to the fact that it's really not relevant in this case, Your Honor.

The trial court overruled Greenlee's general relevancy objection, as well as the specific probative-versus-prejudicial balancing objection, to Vail's expected testimony. *See* TEX. R. EVID. 402, 403. Greenlee did not seek, nor did he obtain, a running objection to Vail's expected testimony.

The record shows that Greenlee failed to renew his earlier general relevancy or his earlier Rule 403 balancing objection once Vail took the witness stand and testified about Greenlee's

6

methamphetamine addiction.[5] This failure to reassert his earlier objections waived Greenlee's second issue for our review. *See id.*

Having concluded that the only issues now asserted were not properly preserved for appellate review, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 15, 2008
Date Decided:       December 19, 2008

Do Not Publish

---

[5]Greenlee did raise a single hearsay objection concerning Greenlee's admission to Vail, made during the scope of her provision of psychiatric treatment of Greenlee, about his lengthy history of intravenous methamphetamine use. The trial court overruled this single, hearsay objection.